## STATE OF LOUISIANA v. THE MERCHANTS' INSURANCE COMPANY.

The Act of the Legislature of the 25th of April, 1853, since repealed, which declared " that each and every incorporated Insurance Company and agency of foreign Insurance Company, *in the city of New Orleans*, shall be taxed five hundred dollars per annum, was in contravention of Article 123 of the Constitution, declaring that taxes should be equal and uniform throughout the State.

The fact that the Act provided that the amount of the tax should be paid into the treasury department to be divided equally between the different Fire, Hose and Hook and Ladder Companies of New Orleans, did not render it a local assessment for local benefit.

APPEAL from the Third District Court of New Orleans, *Duvignaud,* J.
*E. W. Moïse,* Attorney General, for the State. *Collens & Wooldridge* and *C. D. Choiseul,* for plaintiff and appellant. *Levi Peirce,* for defendant.

SPOFFORD, J. An Act entitled " an Act to tax the Insurance Companies of the city of New Orleans for the benefit of the Fire Companies in the city," was approved on the 25th of April, 1853, (Acts, page 136,) declaring " that each and every incorporated Insurance Company and agency of foreign Insurance Company in the city of New Orleans, shall be taxed five hundred dollars per annum ; said tax to be collected by the State Tax Collector for the parish of Orleans, and as soon as collected, the amount of said tax shall be paid into the City Treasury to the credit of the Fire Department, to be divided equally between the different Fire, Hose and Hook and Ladder Companies, in such manner as may be determined by a majority of the Firemen of said companies."

This Act was expressly repealed on the 16th of March, 1857. Acts, p. 142.

The present suit was instituted on behalf of the State, to recover of the Merchants' Insurance Company in New Orleans $2,000, as arrearages of taxes due under the law aforesaid, for the years 1853, 1854, 1855 and 1856.

The defence that the law was unconstitutional was sustained by the District Judge and the State has appealed.

We regard this annual imposition as a tax. It is levied by the State. It is collectible by the State Tax Collector. It is now sued for by the State alone. Article 123 of the Constitution applies to such a case as this : " Taxation shall be equal and uniform throughout the State. All property on which taxes may be levied in this State shall be taxed in proportion to its value, to be ascertained as directed by law. No one species of property shall be taxed higher than another species of property of equal value, on which taxes shall be levied ; the Legislature shall have power to levy an income tax, *and to tax all persons pursuing any occupation, trade or profession.*"

The Legislature has not the power to tax a portion of the persons pursuing a given occupation, trade or profession. If it taxes one it must tax all in the State of the *same class.* Indeed, it has done so in the Revenue Act of March 15th, 1855, sec. 3, pp. 504, 5, by which it seems that an annual tax of $500 was levied to be collected " from each insurance company incorporated by the laws of this State and transacting an insurance business herein." Revised Statutes, p. 461.

But it has been argued that this case comes within the principles announced in *Yeatman* v. *Crandall,* 11 An. 220, and the cases there cited ; in other words, this is not a State tax, but a local assessment for a local benefit.

We do not perceive the analogy. The tax here sued for, is not an assessment upon property for a benefit done in saving or improving that identical property, and thereby directly enriching its owner, as was the case in regard to the alluvial lands preserved from inundation by levees, or the swamps in the rear of New Orleans reclaimed by the draining company, or the city lots made accessible and valuable for building purposes by opening of new streets, or the adjacent properties enhanced in value by the construction of banquettes and the paving and shelling of highways. In such cases there is a direct, palpable and necessary connection between the burden and the benefit, and a fair and equal adjustment can be made by both.

But in the case before us there is no property improved or assessed ; all is conjectural and arbitrary ; one class of corporations is taxed an invariable sum for the benefit of another class ; there is no possibility of ascertaining whether the tax is a *quid pro quo ;* the fire companies are not compelled by the law to do anything for the insurance companies ; a bounty is secured to the fire department by confiscating the money of the defendants, without providing that any service shall be rendered to the defendants by the fire department ; and even if this could, for a moment, be regarded as an assessment for benefits conferred, its inequality is glaring ; every owner of buildings and other combustible property in New Orleans, who is either wholly or in part his own underwriter, is presumed to be benefited by the fire department in the same way as the insurance companies are. Why should the companies alone pay taxes for this common benefit ? Again : large amounts of property in New Orleans are insured abroad in offices which have no public agencies here ; those offices are likewise as much benefited by the fire department as

STATE
v.
MERCH'S INS. CO.

the New Orleans offices are; and yet they can be made to pay no tax under this law which is personal to the companies domiciled or *represented* in New Orleans.

Finally, it was urged that the cases of the *Charity Hospital* v. *De Bar*, 11 An. 385; *The Same* v. *Stickney*, 3 An. 657 and 2 An. 551, are precedents from which the constitutionality of the tax in this case might be inferred. We do not think so. Those cases only affirmed the constitutionality of a law which exacts as a prerequisite to a license for every public ball or concert, ten dollars; for each theatre, annually, five hundred dollars; for each circus, one hundred and fifty dollars; for every managerie, fifty dollars; and every show, twenty-five dollars; for which the exhibitors of these spectacles must furnish to the Mayor of New Orleans the receipt of the Treasurer of the Charity Hospital. Revised Statutes, p. 74, sec. 10. This was correctly held to be, in no just sense, an exercise of the power of taxation, but only a proper exercise of the police power inherent in the State sovereignty. Public spectacles concern the State, as they affect the public order and morals; they may be suppressed or licensed, and if licensed, the supreme power may always impose such conditions as it sees fit upon the managers; if the charitable institutions of the country are aided by the price demanded for licenses for theatrical and other public shows, no provision of the Constitution is infringed thereby.

But an attempt to tax unequally and partially the business of insurance upon marine and fire risks, (a business not only lawful, but in the highest degree commendable and useful,) cannot be rendered constitutional even by handing over the proceeds of the taxes to another equally useful class of men. The imposition is neither an assessment upon property for a benefit conferred and in proportion to the benefit, nor yet an exercise of the police power in affixing terms to the granting of licenses for a pursuit which affects public order and good morals; but it is, in effect, an arbitrary exercise of the State power of taxation upon a portion of those who follow a certain occupation to the exclusion of the rest, and, as such, must be pronounced unconstitutional, null and void.

Judgment affirmed.

BUCHANAN, J. The Act of 1853, taxing insurance companies doing business *in the city of New Orleans* is, to my mind, a clear violation of the first clause of the 123d Article of the Constitution of 1852, which ordains that taxation shall be equal and uniform *throughout the State.*

For this reason I concur in the decree in this case.

MERRICK, C. J. Conceding that the Legislature may direct taxes to be levied upon subdivisions of the State for local purposes, still it does not appear to me that the tax in the present instance is equal and uniform. I therefore concur in the decree.