## City of Louisville et al. v. Aetna Fire Ins. Co. et al.

Oct. 18, 1940.

Churchill Humphrey, Judge.

H. O. Williams, Lawrence S. Poston and Richard P. Dietzman for appellants.

Charles W. Milner, George W. Norton, Jr., and Hubert T. Willis for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

At its 1938 session the General Assembly of Kentucky passed an act (Acts 1938, C. 152, Kentucky Statutes, Supplement 1939, Sections 2896b-5 to 2896b-15) with reference to the Firemen's Pension Fund in cities of the first class, Louisville being the only city of that class. By Section 4 of the Act it was provided that the money for the pension fund should come from eight different sources, it being unnecessary to mention the first six sources as they have no bearing whatever on this litigation. The seventh source of revenue is provided by a tax of not more than 1½c on each $100 of taxable property and the eighth source is derived by a tax of two percent of the gross fire insurance premiums received on fire insurance policies written or effected on property located in the city.

The present action was filed by more than one hundred insurance companies, it being alleged that the City by an ordinance of November 30, 1938, attempted to impose on each of the plaintiffs a tax of two percent of the gross fire insurance premiums for the benefit of the Firemen's Pension Fund and that this ordinance was void for numerous reasons set out in the petition. The case went off on demurrer to the petition since the ap-

pellants declined to plead further when the demurrer was overruled. Briefly summarized the following facts were admitted by the demurrer: (1) That the Firemen's Pension Fund is derived from eight sources so that it will continue to receive money from the other seven sources if the tax in question is void, (2) that the fire department renders equal service to all combustible property in the city but that only sixty percent of such property is insured, (3) that insurance rates are on an actuarial basis which includes all expenses, including taxes, so that in reality the tax would be paid only by the property owners who carry insurance, (4) that by an ordinance of 1928 a license tax of $2.50 on every $100 of insurance premiums had already been imposed.

It was contended in the trial court and is now contended by the appellees here 1) that the tax in question violates Section 171 of the Kentucky Constitution and the 14th Amendment to the Federal Constitution because it is an improper classification and 2) that the tax is void because it amounts to double taxation on the right to conduct fire insurance business in the city. The trial court was of the opinion that these contentions were sound and overruled the demurrer of the city and upon its declining to plead further rendered judgment holding the ordinance void. This appeal is from that judgment.

By the provisions of Section 171 of the Constitution of Kentucky taxes may be levied and collected only for public purposes and are required to be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax. Having in mind the facts admitted to be true by the demurrer, the lack of uniformity in the questioned ordinance is apparent. Uniformity is lacking for the reason that while the duty of a municipal fire department is the same towards all combustible property within the city and while it owes no greater duty towards property insured than it does in respect to property not insured, the burden of the tax eventually falls only on the owners of insured property. Those who insure pay the tax while those who do not insure pay nothing; no argument is required to demonstrate that such a tax is discriminatory, unequal and lacking in uniformity.

It is frankly conceded by counsel for appellants

that the weight of authority is against them but it is insisted that the more realistic and correct view was taken by the Alabama court in Phoenix Assur. Co. v. Montgomery Fire Department, 117 Ala. 631, 23 So. 843, 42 L. R. A. 468, in which a similar tax was upheld, and it is earnestly argued that that decision should be followed as being sounder than the contra cases. However, that case has little persuasive effect since the opinion reveals that the Alabama Constitution does not require that taxes, other than taxes upon property, shall be uniform or equal. In this state the unformity provision of the Constitution is held to be applicable to license taxes as well as to property taxes. City of Danville et al. v. Quaker Maid, Inc., 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 590; Great Atlantic & Pacific Tea Co. v. Kentucky Tax Commission et al., 278 Ky. 367, 128 S. W. (2d) 581; Commonwealth v. Payne Medicine Co., 138 Ky. 164, 127 S. W. 760. Our discussion of the lack of uniformity of this tax has been very brief for the reason that this is by no means a case of novel impression and a full discussion of the non-uniformity feature has been entered into in most of the nine cases from other jurisdictions holding similar acts void for the lack of uniformity and equality. Reference is made to those cases which are: Philadelphia Ass'n for Relief of Disabled Firemen v. Wood, 39 Pa. 73; Lowry v. City of Clarksdale, 154 Miss. 155, 122 So. 195; Continental Insurance Co. v. Smrha, 131 Neb. 791, 270 N. W. 122; Aetna Fire Insurance Co. v. Jones, 78 S. C. 445, 449, 59 S. E. 148, 13 L. R. A., N. S., 1147, 125 Am. St. Rep. 818; State v. Merchants' Ins. Co., 12 La. Ann. 802; Commonwealth v. National Fire Ins. Co. of Hartford, 161 Va. 737, 172 S. E. 448; San Francisco v. Liverpool & L. & G. Ins. Co., 74 Cal. 113, 15 P. 380, 5 Am. St. Rep. 425; Henderson v. London & L. Insurance Co., 135 Ind. 23, 34 N. E. 565, 20 L. R. A. 827, 41 Am. St. Rep. 410; American Alliance Co. v. Board of Insurance Commissioners, Tex. Civ. App., 126 S. W. (2d) 741. Some reliance is placed by appellants on two other foreign cases namely, Trustees of the Exempt Firemen's Benevolent Fund of the City of New York v. A. P. M. Roome, 93 N. Y. 313, 45 Am. Rep. 217 and Firemen's Benev. Ass'n v. Lounsbury, 21 Ill. 511, 74 Am. Dec. 115, in which acts of the Legislature imposing a tax similar to the one in question on foreign insurance companies for the benefit of Firemen's Pension Funds were sustained. Those cases however do not appear to

be much authority here since the taxes were apparently sustained only as a condition on which such foreign companies could do business in the respective states and the question of uniformity of the tax was not presented or discussed.

It is urged by the appellant, however, that the Firemen's Pension Fund accomplishes a public service and not a private one. This may be conceded, as well as the undoubted merit of the plan, for it tends to attract to this service a better character of men and to make that service a more dependable branch of the city administration with a resulting increase in efficiency and a corresponding saving to insurance companies and eventually to the general public. The insurance companies concede the worthiness of its object and its tendency toward the betterment of the fire service. But, though it be a public service, it is nevertheless a public service for a special purpose and the worthiness of the plan can in no degree serve to overcome the objectionable lack of uniformity.

It is further argued in the appellant's behalf that the tax should be upheld because the City, instead of imposing the license tax of two and one-half percent under the 1928 ordinance, which goes into the sinking fund and the license tax of two percent in controversy, which goes into the Firemen's Pension Fund, could enact one ordinance imposing a license tax of four and one-half percent, all of which would go into the sinking fund, and the city could then appropriate the entire four and one-half percent for the benefit of the pension fund so that in the final analysis this situation would be the equivalent of sustaining the tax. The fallacy of this line of reasoning was pointed out by the Pennsylvania court in Philadelphia Association for Relief of Disabled Firemen v. Wood, 39 Pa. 73, in these words:

> "True, the legislature might have imposed an equivalent tax on the business, and, when paid into the public treasury, might have appropriated it to this association. But would the legislature make such an appropriation of public funds?"

Taxes should be levied and collected in strict accord with constitutional provisions and arguments of convenience should not be permitted to override the Constitution. It may well be doubted that the city would levy

the four and one-half percent tax to go into the sinking fund and then appropriate the entire amount to this pension fund. In any event, the ordinance in question levies a tax which is not uniform as required by our Constitution.

Not only is the tax in controversy void for lack of uniformity but we are also constrained to hold that it must be declared void as violative of the public policy of this state against double taxation. Since the ordinance of 1928 imposed a license tax of two and one-half percent of all premiums received by every fire insurance company for the privilege of doing business in the city, it is apparent that the ordinance in controversy imposes a second license tax on insurance companies for the same privilege. It is urged by appellants, however, that we have no constitutional provision in Kentucky forbidding double taxation. The correctness of this position may be conceded but there is no doubt that double taxation has been declared to be against the public policy of this state and is not permitted except in cases where the Legislature has clearly declared a contrary policy. Falls City Brewing Co. v. Talbott, 265 Ky. 541, 97 S. W. (2d) 57; City of Newport v. Fitzer, 131 Ky. 544, 115 S. W. 742, 21 L. R. A., N. S., 279; Cumberland T. & T. Co. v. Hopkins et al., 121 Ky. 850, 90 S. W. 594, 28 Ky. Law Rep. 846; Cumberland T. & T. Co. v. City of Calhoun, 151 Ky. 241, 151 S. W. 659; American Railway Express Co. v. Com., 187 Ky. 241, 218 S. W. 453, 219 S. W. 427.

It is contended by appellants, however, that in the instant case a clear legislative intent is shown to vest the city with the power of double taxation and that in this particular the case is different from the nine cited cases from other jurisdictions in which a similar tax was condemned. Without a doubt the Legislature has the right to declare the public policy on the question of double taxation and if there is a clear legislative intent that a double tax may be imposed such legislative intent will prevail. It was so decided in Falls City Brewing Co. v. Talbott, supra. However, it does not appear to us that such legislative intent is shown with regard to the present tax. In fact, an examination of Acts of the Legislature pertaining thereto appears to negative, rather than to evidence, the existence of such an intent on the part of the Legislature.

Prior to the 1938 session of the General Assembly,

Kentucky Statutes, Section 3011a, conferred on the City the discretionary power to impose license taxes on businesses and occupations generally, without naming any of them, and provided that the proceeds should go to the sinking fund. This statute is still in effect. Kentucky Statutes, Section 3011 (in effect prior to 1938), *required* the imposition of a license tax on fire insurance companies and on other named businesses but this section was expressly repealed by Acts of 1938, c. 74, page 415, so that the same session of the General Assembly which *authorized* the imposition of the license tax in controversy on fire insurance companies for the benefit of the Firemen's Pension Fund repealed the only statute which *required* the imposition of a license tax on such companies to be paid to the sinking fund. In short, there are at present two statutes relative to the imposition of license taxes on fire insurance companies in Louisville, 1) Section 3011a, under which the license tax is to be paid into the sinking fund and 2) Section 2896b-5 et seq. under which the license tax is to be paid into the Firemen's Pension Fund. Neither of these sections is mandatory so that it seems that no clear legislative intent is shown that there should be double taxation; on the contrary there seems to be revealed a legislative intent that the city may impose either of the two license taxes. Certainly it cannot be ascertained with even a fair degree of certainty that the legislature has said that both license taxes can be imposed on fire insurance companies at the same time and, this being true, the settled policy against double taxation, as revealed by our decisions, should prevail.

Judgment affirmed.