## Miller et al. v. City Of Ashland et al.

June 17, 1949.

John C. Clarke for appellants.

A. W. Mann and John T. Diederich for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This action was brought by property owners to enjoin the City of Ashland and its officers from proceeding under the provisions of KRS, Chapter 104, to issue general obligation and special assessment bonds for the purpose of erecting and maintaining a flood wall. By answer and counter-claim the defendants prayed for a declaration of rights concerning the validity of proceed-

ings theretofore taken by ordinance to carry out the plan and make expenditures therefor. On the basis of pleadings and proof, the lower Court adjudged defendants were empowered to construct, acquire and maintain a flood control system as provided in KRS 104.020 to 104.060; that defendants were authorized to finance the project with a bond issue approved by a vote of the people and the issuance of special assessment bonds; that the ordinances creating a Flood Control Commission were valid; and that real property to be benefited by the flood wall should be liable for special assessment. The Court denied an injunction and dismissed appellants' petition as amended.

The proceedings which have so far been taken by the City looking to the erection of a flood wall are designed to conform to the provisions of KRS, Chapter 104, passed by the Legislature in 1946. (Chapter 226.) This was an enabling act, passed with a view to the Federal "Flood Control" laws. (33 U. S. C. A. sec. 701 et seq.) Under the latter laws the Federal Government will, under proper circumstances, pay the cost of constructing such works provided political subdivisions of the state defray the cost of the land and the maintenance of the project.

In 1946 the City of Ashland passed an ordinance calling for a vote of the people on a $150,000 bond issue, the proceeds of which were to be used for the building, construction, and completion of a flood wall. The election was held, and the bonds were approved. Thereafter by another ordinance a Flood Control System was authorized. The estimated cost of the system to be paid by the Federal Government was $4,725,000 and the cost to the City of Ashland was estimated at $420,000. The mechanics of the bond issue were detailed in the ordinance. In 1948 it was provided by ordinance that the City's share of the cost should be paid by the proceeds from the General Obligation Bond Issue and "by the issuance of flood control system assessment bonds payable exclusively by the levy of a tax or assessment against the property benefited thereby, as may hereafter be determined by the governing authority of said City of Ashland." In 1949 a Flood Control Commission was established and its duties prescribed.

Appellants first contend that the proposed flood wall is not such a project as is authorized by KRS 104.030. We are unable to comprehend appellants' argument on this point as the ordinances constitute a series of acts plainly designed to carry out the purposes of the statute.

Appellants next contend that Section 171 of the Kentucky Constitution and the Fourteenth Amendment of the Federal Constitution are violated in that the plan proposes to assess a particular class of taxpayers to defray a part of the cost of the project. The statute expressly permits the financing of the flood wall by this method. Such assessments do not violate the uniformity provisions of either the State or Federal constitutions as they are special charges levied against property particularly benefited. See Vogt v. City of Oakdale, 166 Ky. 810, 179 S. W. 1037; Shaw v. City of Mayfield et al., 204 Ky. 618, 265 S. W. 13; Francis et al. v. City of Bowling Green, 259 Ky. 525, 82 S. W. 2d 804.

Appellants further complain that this is not a proper municipal public works because the Federal Government will exercise some control over the wall. However, the statute, KRS 104.030, specifically authorizes the City to accept contributions from the United States on such terms as the City's governing authority deems necessary or appropriate. We see no valid objection to the City cooperating with the Federal Government in the control of a project to which they jointly contribute.

Appellants next contend Sections 157 and 158 of the Kentucky Constitution are violated because the ordinances created debts in excess of the maximums therein specified. Section 157 authorizes cities to contract an indebtedness in excess of the revenue provided in any year if the obligation is approved by two-thirds of the voters. The $150,000 bond issue was so approved. It is not shown the City will be required to exceed the maximum assessment percentage fixed by Section 158 in order to liquidate these bonds.

Appellants next contend that since personal property will be protected and benefited by this flood wall, it should likewise be assessed along with real property, and the failure of the City to do so is an arbitrary discrimination. We find no merit in this contention.

684

Lastly it is insisted the ordinances are void because unreasonable and impracticable. This contention seems to be based on the fact that the flood wall proposed will be three feet higher than the highest water in the 1937 flood and those theoretically benefited by the extra three feet of protection will realize no practical advantages. This we think is an engineering, not a legal problem, and certainly the provisions for additional protection do not appear unreasonable.

On the whole the steps so far taken by defendants conform with the provisions of the statute and do not contravene any constitutional inhibitions. For cases involving similar attacks upon similar proceedings see Duling Bros. Co. et al. v. City of Huntington et al., 1938, 120 W. Va. 85, 196 S. E. 552, and Smith v. City of Parkersburg et al., 1943, 125 W. Va. 415, 24 S. E. 2d 588.

For the reasons stated, the judgment is affirmed.