**SECOND STREET PROPERTIES, INC.,**
etc., Appellant,

v.

**FISCAL COURT OF JEFFERSON COUNTY,**
Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 10, 1969.

Leon J. Shaikun, Louisville, for appellant.

Edith F. Stanley, Jefferson County Atty., Louisville, for appellee, Fiscal Court of Jefferson County, Kentucky.

Richard M. Trautwein, Rubin & Trautwein, Louisville, for appellee, Louisville & Jefferson County Visitors and Convention Commission.

CLAY, Commissioner.

This class action attacks as unconstitutional KRS 83.340, 83.345, 83.350 and the orders and resolutions of the Jefferson County Fiscal Court adopted in conformity therewith. The validity of the statutes and the proceedings taken pursuant thereto was upheld by the Chancellor. The issues presented in this agreed case will be taken up seriatim after a statement of the pertinent facts.

The statutes in question, enacted in 1968, authorized counties and/or cities to establish "tourist and convention commissions". The stated purpose was the promotion of "convention and tourist activity". (In counties other than those containing cities of the first class a "recreational" purpose was expressed, which feature of the Act will be discussed later.) The members of the commission were to be appointed by the mayor of the largest city in the county and the county judge, acting jointly.

KRS 83.350 requires the local governing body or bodies establishing each commission to provide funds for its operation. This is accomplished by imposing a "transient room tax", not to exceed 3% of the rent for room occupancy, charged by persons or corporations "doing business as motor courts, motels, hotels, inns, or like or similar accommodations". The tax proceeds are to be used solely for the purposes set forth in KRS 83.340 (the promotion of

convention, tourist (and recreational) activity).

Pursuant to the Act, the Jefferson County Fiscal Court passed a resolution and order establishing the "Louisville and Jefferson County Visitors and Convention Commission", and imposed a tax of 2% of the room rent as authorized by KRS 83.350. Subsequently the fiscal court adopted another order which in effect defined a "transient room" as one occupied by a guest for a consecutive period of 30 days or less.

■ The first contention is that the Act is void for vagueness and indefiniteness. Appellant cites Murphy v. Cranfill, Ky., 416 S.W.2d 363, 364 (1967), wherein we observed:

> " * * * if the language of a law is so ambiguous as to completely obscure the legislative intent and to defy rational meaning, it is simply inoperative as a law."

The Act under consideration does not fall within that category. The legislative intent, and the means by which its purpose is to be accomplished, are clearly understandable. The only indefiniteness in the Act relates to the matter of implementation, which the legislature has left to the local legislative bodies and the commission itself.

■ Appellant invokes the "lack of standards" argument. It is contended the Act is fatally indefinite because the legislature did not define the term "transient room", the rental of which is the basis of the tax. It strikes us that this is the very kind of discretionary determination section 181 of the Kentucky Constitution authorizes the legislature to delegate to local governing bodies. That section permits the legislature to "delegate the power to counties * * * to impose and collect license fees" on trades and occupations. That sec-

tion requires no particular standard for measuring any tax. City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248 (1948).

■ We may point out that the legislature, acting in accord with section 181, is *not* delegating *its* legislative power. It is simply giving its sanction to the exercise of a local taxing power the Constitution recognizes. The right of discretionary selection within the designated area of taxation by counties and municipalities has consistently been approved. City of Louisville v. Sagalowski & Son, 136 Ky. 324, 124 S.W. 339 (1910); City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248 (1948).

■ It is suggested that other counties may adopt different definitions of a "transient room". This is true, but again we say that section 181 of the Constitution authorizes this delegation of discretionary power to each county. Uniformity of taxation (except within the class) in the exercise of the power granted under this section is not required.[1] Hager v. Walker, 128 Ky. 1, 107 S.W. 254, 32 Ky.Law.Rep. 748, 15 L.R.A.,N.S., 195 (1908). (See also the last two cases above cited.) The term "transient" has a rather well-defined meaning, and no one contends that the time period fixed by the fiscal court was unreasonable as designating the type of room occupancy which would create taxable rent. The failure of the legislature to define a "transient room" does not make the statute void for indefiniteness.

■ It is further contended the Act is fatally indefinite because the duties and functions of the commission are not prescribed. (KRS 83.350(2) does place certain limitations upon the expenditure of money by commissions created in counties containing cities of the first class.) KRS 83.340(1) provides the function of the commission shall be "promoting convention and

---

1. If this statute imposed a *state* tax or was *penal* in nature, it may be the Constitution would require identical application throughout the state. See Arlan's Dept Store of Louisville v. Commonwealth, Ky., 369 S.W.2d 9 (1963).

tourist activity". This is rather broad but certainly intelligible.

In Industrial Develop. Auth. v. Eastern Ky. Regional Planning Comm'n, Ky., 332 S.W.2d 274 (1960), an act was upheld which created an administrative agency for the "promotion and development of industrial and manufacturing enterprises in local communities". As said in 1 Am.Jur.2d, Administrative Law, section 118 (page 925):

> "It is not necessary that the legislature supply administrative officials with a specific formula for their guidance in a field where flexibility and the adaptation of the legislative policy to infinitely variable conditions constitute the essence of the program. The modern tendency is to be more liberal in permitting grants of discretion to administrative agencies in order to facilitate the administration of laws as the complexity of economic and governmental conditions increases. In other words, the necessities of modern legislation dealing with complex economic and social problems have led to judicial approval of broad standards for administrative action; detailed standards are not required, especially in regulatory enactments under the police power. The legislature is not required to provide such a standard as confers the least amount of discretion, and in many situations detailed standards in precise and unvarying form would be wholly unrealistic and more arbitrary than a general indefinite one."

The following legislative specifications have been held to be sufficiently definite: "excessive profits", "unduly complicated corporate structures and inequitable distributions of voting power", "worthy cause", "decency and good order", "undesirable residents", "undesirable business practices", "unprofessional conduct", "false, fraudulent, or misleading advertising", "injurious substances", and "danger to peace and safety". 1 Am.Jur.2d, section 119 (page 928).

We are of the opinion that in these competitive times the promotion of convention and tourist activity for the public purpose of improving the economy of cities and counties is sufficiently definite to circumscribe the permitted proper functions of the administrative agency. The broad scope of the power granted is not the type of uncertainty which would void the Act. See Folks v. Barren County, 313 Ky. 515, 232 S.W.2d 1010 (1950). We do not consider the cases of Burke v. Stephenson, Ky., 305 S.W.2d 926 (1957), and Schneider v. Wink, Ky., 350 S.W.2d 504 (1961), as involving comparable considerations. In the administration of justice it is normally more realistic to attack alleged unauthorized activity of an administrative agency after it has acted rather than to condemn its creation before it has begun to function. See Preston v. Clements, 313 Ky. 479, 232 S.W.2d 85 (1950).

It is next contended that the imposition of the tax exclusively upon hotels, motels and the like is unreasonably discriminatory as an arbitrary classification which denies appellant the equal protection of the law. Our question is whether the classification is based upon rational considerations which justify a distinction between the class taxed and those not taxed. As said in Williams v. City of Bowling Green, 254 Ky. 11, 70 S.W.2d 967, 968 (1934):

> "The restriction imposed by the Fourteenth Amendment does not compel the adoption of an iron rule of equal taxation, nor prevent a variety or differences in taxation, or discretion in the selection of subjects or the classification for taxation for properties, businesses, callings, or occupations. The fact that a statute discriminates in favor of certain classes does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, or if any state of facts reasonably can be conceived to sustain it. A classification adopted by a Legislature in imposing occupation taxes will be held constitutional if there are substantial dif-

ferences between the occupations separately classified, and such differences need not be great."

See also Reynolds Metal Co. v. Martin, 269 Ky. 378, 107 S.W.2d 251 (1937).

We think it important to examine the nature of this legislation to determine if there was a reasonable basis for the classification. The Act in controversy did two things: (1) it authorized the creation of an administrative agency to promote convention and tourist activity in the county, and (2) it provided for the financing of this agency by the imposition of a room tax upon hotels, motels and the like. It is obvious that there is a definite correlation between the purpose of the tax and the business of the selected taxpayer. The fact that hotels and motels will specially benefit from the expenditure of this tax revenue is a significant consideration in determining whether the classification is rational and reasonable. In City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248, 256 (1948) (involving the Louisville occupational tax), it is said:

"It is familiar law that the selection of subjects of classification for taxation founded upon a natural and reasonable basis, *with a logical relation to the purposes and objectives of a statute or ordinance,* does not offend the principle of equality or uniformity in the imposition of a tax of this character so long as it operates equally upon all of those within the class." (Emphasis added)

Of course a classification may be valid even though there is no relation between the class of taxpayers and the purpose of an appropriation. Sims v. Board of Education of Jefferson County, Ky., Ky., 290 S.W.2d 491 (1956); New York Rapid Transit Corporation v. City of New York, 303 U.S. 573, 587, 58 S.Ct. 721, 82 L.Ed.2d 1024 (1938). On the other hand, while constitutional classification does not *require* special benefits, the fact that they are realized by the taxpayer may constitute a proper ground for classification. This was recognized in Durrett v. Davidson, 122 Ky. 851, 93 S.W. 25 (1906), wherein the court quoted from a United States Supreme Court case to the effect that the burden of the tax may be justified in the light of benefits.

While Commonwealth v. Watson, 223 Ky. 427, 3 S.W.2d 1077, 58 A.L.R. 212 (1928), was not a tax case, it recognized the same principle. In that case a statute required those property owners abutting on public highways (when ordered by the fiscal court) to remove weeds, brush or other obstructions along the highway. It was noted that the obligation was imposed on those best able to perform it and upon those who would realize a distinct benefit. In Miller v. City of Ashland, 310 Ky. 680, 221 S.W.2d 620 (1949), a tax to finance the erection of a flood wall which was levied only against owners of property specially benefited was upheld.

In Visina v. Freeman, 252 Minn. 177, 89 N.W.2d 635 (1958), a Minnesota statute provided for the creation of a port authority to construct terminal port facilities. The port authority for the City of Duluth was to be financed by state, county and city taxes. The residents of Duluth would bear the greatest tax burden. In upholding the statute, the court said (page 650 N.W.2d):

"Absolute equality of taxation is never attained. In all segments of the population there are those who must pay taxes for a purpose from which, it might be argued, they derive no direct benefit. But absolute equality has never been required. If there is a reasonable relationship to the apportionment of the taxes and the benefit to be derived by that segment of our population required to bear the financial burden, it lies within the province of the legislature to make such apportionment."

That classification of taxpapers may be justified on the basis of a fair and substantial relation to the objective of the legislation has been recognized in Quong Wing v. Kirkendall, 223 U.S. 59, 62, 63, 32 S.Ct. 192, 56 L.Ed. 350 (1912); Alaska Fish

Salting & By-Products Co. v. Smith, 255 U.S. 44, 48, 41 S.Ct. 219, 65 L.Ed.2d 489 (1921); and Aero Mayflower Transit Co. v. Georgia Public Service Comm'n, 295 U.S. 285, 291, 55 S.Ct. 709, 79 L.Ed. 1439 (1935).

■ As before noted, the objective of the legislation under consideration was to create a public agency to promote tourist and convention activity. Hotels, motels and the like certainly will realize a special benefit therefrom. In addition, in support of the classification is the fact that it is administratively practical to impose this tax upon those in that category rather than upon all businesses in the community. In that connection also, the tax may be very easily passed on to the guests who avail themselves of hotel and motel facilities. Administrative convenience alone may justify classification. Carmichael v. Southern Coal Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed.2d 1245, 109 A.L.R. 1327 (1937).

It has been said that if any reasonable basis can be conceived to justify the classification, then it should be upheld. Markendorf v. Friedman, 280 Ky. 484, 133 S.W.2d 516, 127 A.L.R. 416 (1939); Rast v. Van Deman & Lewis Co., 240 U.S. 342, 357, 36 S.Ct. 370, 60 L.Ed. 679 (1915). It is our opinion that the considerations above discussed amply sustain the classification which subjects appellant and those similarly situated to the special tax burden.

■ Appellant further contends that the imposition of this new tax constitutes "double taxation" because it is now subject to a city occupational license tax. There are at least two answers to this argument. To constitute double taxation the two taxes must be imposed on the same property by the same governing body during the same taxing period for the same taxing purpose. Fox v. Board for Louisville & Jefferson County Children's Home, 244 Ky. 1, 50 S.W. 2d 67 (1932). The tax under consideration

does not have a single one of these elements, much less all of them.

■ The second answer is that there is no constitutional prohibition against double taxation. City of Louisville v. Aetna Fire Ins. Co., 284 Ky. 154, 143 S.W.2d 1074 (1940); Kupper v. Fiscal Court of Jefferson County, Ky., 346 S.W.2d 766 (1961). We have held such a tax is contrary to public policy *in the absence of a clear legislative intent to impose it.* City of Louisville v. Aetna Fire Ins. Co., 284 Ky. 154, 143 S.W.2d 1074 (1940). But here, assuming this to be a double tax (which it is not), the legislature has sanctioned its imposition.

■ It is next contended the Act in question violates sections 59 and 60 of the Kentucky Constitution in that it makes a distinction in the use of the tax revenue as between counties containing a city of the first class and all other counties. The distinction arises in this manner. In counties other than those containing a city of the first class a "recreational" purpose, as well as the promotion of convention and tourist activity, is set forth (KRS 83.340(2)).[2]

We cannot discern any possible violation of section 60 of the Constitution. The pertinent provision of section 59 (the twenty-ninth prohibited purpose) is:

"* * * where a general law can be made applicable, no special law shall be enacted."

We have here a question of classification similar to the one heretofore discussed. It has long been recognized that the legislature may validly treat a county containing a city of the first class differently from all other counties. James v. Barry, 138 Ky. 656, 128 S.W. 1070 (1910); Connors v. Jefferson County Fiscal Court, 277 Ky. 23, 125 S.W.2d 206 (1938).

It is our view the legislature had reason to provide an additional function for tourist

---

2. Certain special limitations are placed upon the expenditures of funds by a commission created in a county containing

a city of the first class (KRS 83.350(2)), but this provision is not questioned.

and convention commissions in counties other than those containing a city of the first class. From a realistic standpoint, Jefferson County, containing the city of Louisville, is the principal convention center in the Commonwealth due to its size and facilities. The legislature could reasonably determine that the Commission's function there should be limited to the promotion of tourist and convention activity. It also may have considered that the recreational facilities in that area are sufficiently financed from other sources. On the other hand, the development of recreational facilities in less populated counties may have appeared equally as essential for the attraction of tourists.

■ Perhaps the immediately foregoing discussion was unnecessary because the alleged invalid provision in the Act does not adversely affect appellant's rights and, insofar as it is concerned, the question is academic. The *additional burden* of supporting the promotion of "recreational" activity, if it may be characterized as such, may be imposed on taxpayers in other counties, not on appellant. Therefore appellant has no standing to raise this issue of constitutional invalidity. As said in 16 Am.Jur.2d, Constitutional Law, section 120 (page 313):

"Persons wishing to contest, on constitutional grounds, the validity of legislation must be able to show, not only that the legislation is invalid, but also that they have sustained, or are in immediate danger of sustaining, some direct injury as the result of its enforcement, and not merely that they suffer in some indefinite way in common with people generally."

■ This principle is one of almost universal acceptance, including Kentucky. See Shadoan v. Barnett, 217 Ky. 205, 289 S.W. 204, 49 A.L.R. 843 (1926); Kohler v. Benckart, Ky., 252 S.W.2d 854 (1952). Before one seeks to strike down a state statute he must show that the alleged *unconstitutional feature* injures him. Grise v. Combs, D.C., 183 F.Supp. 705 (1960). It has recently been held that before a taxpayer may maintain an action against the state or one of its agencies to test the constitutionality of a statute or an administrative policy, he must show that he has a unique right or interest that is being violated in a manner special and different from the rights of other taxpayers. Calvary Bible Presbyterian Church v. Board of Regents, 72 Wash.2d 912, 436 P.2d 189 (1967).

As we have stated above, any additional burden created by the Act, because Jefferson County is placed in a category different from that of all other counties in the Commonwealth, would fall upon the taxpayers in the other counties, not the appellant or those he represents. Therefore appellant has no assertable interest in the alleged unconstitutional feature of the Act. Barrows v. Jackson, Cal., 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).

■ It is finally claimed that the Act as implemented by local legislation imposes an unconstitutional burden on interstate commerce. This contention cannot be sustained. The tax is imposed on hotels, motels and the like in Jefferson County. It is not levied on the occupants of rooms, whether they be Kentucky residents or nonresidents. It is true the tax may be, and probably will be, collected from guests, but neither the Act nor the implementing legislation thereunder imposes this tax on them as a legal incident. See Marcum v. City of Louisville Municipal Housing Comm'n., Ky., 374 S.W.2d 865 (1963); Gaulden v. Kirk, Fla., 47 So.2d 567 (1950). By no stretch of the imagination does this law impose a burden on interstate commerce.

The judgment is affirmed.

All concur.