**COMMONWEALTH of Kentucky, Appellant,**

v.

**Raymond Douglas FULKERSON, Appellee.**

No. 87–CA–1777–DG.

Court of Appeals of Kentucky.

Oct. 28, 1988.

Rehearing Denied Dec. 22, 1988.

Frederic J. Cowan, Atty. Gen., Phillip W. Smith, Sp. Asst. Atty. Gen., Leitchfield, for appellant.

James Frederick Dinwiddie, Leitchfield, for appellee.

Before HOWERTON, C.J., and GUDGEL and WILHOIT, JJ.

WILHOIT, Judge.

This matter is before us on discretionary review from the Grayson Circuit Court. The question presented is whether the appellee's right to equal protection of the laws secured by the Fourteenth Amendment to the United States Constitution was violated because KRS 186.021(2) requires each applicant for renewal of a Kentucky motor vehicle registration to present proof of tort liability insurance coverage in the amount prescribed by KRS 304.39–110, whereas those registering a motor vehicle for the first time are not required to present such proof.

The appellee's automobile, formerly registered in another state, has been registered in this state since August 1986. Because the automobile was being registered in Kentucky for the first time, the appellee was not required to present any proof that he carried liability insurance and in fact he did not carry such insurance. In November 1986, he was involved in an automobile accident which resulted in his being charged in the district court with a criminal violation for failing to carry the requisite insurance. *See* KRS 304.99–060.

The appellee entered a conditional plea of guilty pursuant to RCr 8.09, but asserted that his right to equal protection of the laws had been violated by the statutory scheme which required re-registrants of motor vehicles to show proof of insurance but made no such requirement of first time registrants. He maintained that such a scheme had the effect of affording re-registrants with notice of their duty to carry insurance, while affording no notice to first time registrants. Because of the failure to give him notice, he states he was unaware of his obligation and, therefore, did not secure insurance, which in turn led to his prosecution for failing to do so. The district court, finding no violation of equal protection, fined the appellee $500.00 and costs.

On appeal, the circuit court reversed the appellee's conviction, agreeing with his position. Discretionary review was then granted to this Court.

Every owner of a motor vehicle registered in this state is required to provide tort liability insurance on that vehicle in the amount required by statute. *See* KRS 304.39–080(5). KRS 186.021(2) results in would-be registrants being divided into two classes; one which must show proof of insurance to register a motor vehicle, and one which is under no such obligation. The appellee's complaint is not that he has been subjected to invidious discrimination because he is a member of the first class, burdened with proving insurance, but that he is a member of the second class, not so burdened but thereby deprived of the "benefit" of an indirect notice of the necessity of insurance, which flows from being required to show proof of it.

It is quite obvious that the statutory class in which the appellee finds himself is not a "suspect class" for purposes of equal protection analysis. It is equally obvious that he has no fundamental constitutional right to receive an individual notice of the statutory provisions governing financial responsibility for motor vehicle registrants apart from the notice given to all citizens by the adoption and publication of the statutes themselves. With this in mind, we shall subject the statute in question to ordinary rather than strict or heightened scrutiny. *See Regan v. Taxation With Representation*, 461 U.S. 540, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983); *San Antonio Independent School District v. Rodriguez*, 411 U.S 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

The equal protection clause of the Fourteenth Amendment does not deprive a state of the power to classify in the adoption of police laws, and one who assails such a law has the burden of showing not only a discrimination against him of some substance, *see Clements v. Fashing*, 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982), but also that the classification made by the statute is not rationally related to a legitimate state interest. *See City of New Orleans v. Dukes*, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Furthermore, the assailant must show that the alleged unconstitutional feature of a statute injures him. *See Second Street Properties, Inc. v. Fiscal Court of Jefferson County*, Ky., 445 S.W.2d 709 (1969).

The purpose of KRS 186.021(2) is not to give notice to any class of registrants of the insurance requirements for motor vehicles, but to make certain that the statute requiring security for tort liability has been complied with. A statutory classification which impinges upon no fundamental interest does not need to be drawn to fit with precision the purposes animating it, and the fact that the state may have furthered the underlying purpose more completely does not warrant a conclusion that the method it chose is unconstitutional. *See Baldwin v. Fish and Game Comm'n of Montana*, 436 U.S. 371, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978). In addressing social problems, a legislature "may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." *Williamson v. Lee Optical Co.*, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955). A classification such as we have here offends the Fourteenth Amendment only if it is based solely on reasons totally unrelated to the pursuit of a legitimate state goal and only if no grounds can be conceived to justify it. *See Clements v. Fashing, supra.*

The state's interest in furthering financial responsibility for torts committed with a motor vehicle is obvious. While it might have chosen to require that all registrants of motor vehicles provide proof of insurance, the General Assembly elected to apply a less stringent requirement to one class of registrants, perhaps in the belief that first-time registrants are more likely to obtain liability insurance than are re-registrants. The appellee has failed to demonstrate that such a belief is untrue, let alone inconceivable. We must conclude, therefore, that the appellee has failed to demonstrate that he has been subjected to any invidious discrimination by the provisions of KRS 186.021(2).

The opinion of the Grayson Circuit Court is reversed and the judgment of the Grayson District Court is reinstated.

All concur.