REVENUE CABINET, Commonwealth
of Kentucky, Appellant,

v.

ASHLAND OIL, INC., Appellee.

No. 92–CA–3033–MR.

Court of Appeals of Kentucky.

July 29, 1994.

Discretionary Review Denied by
Supreme Court Jan. 11, 1995.

Douglas M. Dowell, Revenue Cabinet, Frankfort, for appellant.

Larry A. Carver, Russell, William R. Buzo, Lexington, for appellee.

Before LESTER, C.J., and DYCHE and WILHOIT, JJ.

DYCHE, Judge.

The Revenue Cabinet ["Cabinet"] appeals from an opinion and order of the Greenup Circuit Court entered November 18, 1992, which reversed a February 15, 1991, Board of Tax Appeals order upholding an assessment of use tax made by the Cabinet against Ashland Oil, Inc. The Greenup Circuit Court found that the Cabinet erred in assessing a second use tax with respect to three aircraft leased by Ashland Oil upon which a use tax had already been paid, and that the Cabinet erred in attempting to tax the entire amount of gross receipts derived from interstate commerce upon a total of seven aircraft being leased to and used by Ashland Oil in Kentucky.

The facts of the case are not in dispute. Ashland Oil, a Kentucky corporation and appellee herein, leased the seven aircraft in question from Ash Property, Inc., an Ohio corporation and subsidiary of Ashland Oil. The lease agreements, which were entered into outside Kentucky, provided for initial lease terms of five or seven years and gave Ashland Oil the option to renew each lease for additional periods of time. Appellee took delivery of the aircraft in Kansas and, pursuant to the express terms of the lease agreements, they were thereafter based at an airport in Worthington, Kentucky.

Two groups of aircraft are involved. The first group consists of three Sabreliner and Beechcraft King Aire aircraft. Ash Property purchased these planes before August 1, 1985, and then leased them, also before August 1, 1985, to appellee. These lease agreements were renewed after July 31, 1985, thereby triggering the application of KRS 139.532(2) [1] resulting in a use tax assessment.

A use tax assessment had previously been issued against Ash Property for its original purchase of these three aircraft. Ash Property contested that initial assessment on the ground that it did not use the property within the state. This Court in a nonpublished opinion styled *Ash Property v. Revenue Department, Commonwealth of Kentucky*, No. 87–CA–1288–S, rendered May 13, 1988, upheld the assessment reasoning that Ash Property had used the aircraft in Kentucky within the meaning of the use tax statutes, specifically KRS 139.190, by leasing them to Ashland Oil [2].

The second group of aircraft consists of four Cessna Citations. In the case of these aircraft, no Kentucky sales or use tax was paid on their original purchase prices. However, these planes' subsequent rental to Ashland Oil by Ash Property and use in Kentucky it is alleged by the Cabinet is subject to use tax under KRS 139.532(2).

On February 15, 1991, the Kentucky Board of Tax Appeals rendered a decision upholding the Cabinet's final ruling and assessment of use tax in the amount of $85,217.00.

Before the Greenup Circuit Court, Ashland Oil argued that the Cabinet's attempt to extract a second use tax for use of the first group of aircraft when the identity of neither the lessor nor the lessee of such aircraft had changed, constituted impermissible double taxation under Kentucky law. Secondly, Ashland Oil contended that the Cabinet's attempt to impose a use tax on 100 percent of the gross receipts derived from interstate commerce, specifically the interstate use of the aircraft, violated the Commerce Clause of the U.S. Constitution because the aircraft were predominantly used outside Kentucky. The Circuit Court agreed.

In its November 18, 1992, opinion, the Circuit Court found that the levy of two use taxes for the privilege of using the same aircraft where both the owner and user of the aircraft remained the same was indeed double taxation, and prohibited as such because it violated the Kentucky Constitution and the public policy against double taxation. As to the second issue, the Circuit Court found the Cabinet's attempt to apply a use tax to the entire *unapportioned* gross receipts derived from interstate commerce to be invalid on Commerce Clause grounds. (Emphasis ours.) Accordingly, the Circuit Court ordered as follows:

> This cause is reversed and remanded to the Cabinet for the sole purpose of calculating the use tax applicable to the second group of aircraft based on the statistical evidence contained in the record as to the uses and values asserted by [Ashland Oil].

Simply put, the Circuit Court ordered that the use tax assessed by the Cabinet on the proceeds derived from interstate commerce

---

1. KRS 139.532 entitled **"Applicability of sales or use tax to gross receipts from various sources"** reads as follows:

   (1) Gross receipts from the lease or rental of tangible personal property are exempt from sales or use tax if the receipts are:
   (a) Derived from a lease or rental agreement entered into before August 1, 1985; and
   (b) The sales or use tax applicable to the purchase price of the property was paid prior to August 1, 1985.
   (2) Gross receipts from lease or rental agreements for tangible personal property that are renewed after July 31, 1985, and gross receipts from lease or rental agreements entered into after that date, are subject to sales or use tax.

   (3) Notwithstanding the provisions of subsection (1) of this section, lease or rental agreements subject to use tax under the provisions of KRS 139.320 remain subject to tax regardless of when such lease or rental agreements were executed. (Enact. Acts 1985 [1st Ex. Sess.], ch. 6, part III, § 10, effective August 1, 1985.)

2. KRS 139.190 entitled **"Use"** states:
   "Use" includes the exercise of any right or power over tangible personal property incident to the ownership of that property, or by any transaction in which possession is given, except that it does not include the sale of that property in the regular course of business. (Enact. Acts 1960, ch. 5, Art. I, § 19, effective February 5, 1960.)

be apportioned fairly to reflect only the aircrafts' use in Kentucky. This appeal followed.

Appellant makes two convincing arguments before this Court. It first argues that the assessment of a use tax against Ash Property for the original purchase of the first group of aircraft and the assessment of a use tax against appellee for the aircrafts' subsequent lease does not actually constitute double taxation; and, further, that even if it did, such assessments were specifically contemplated and sanctioned by the Legislature in KRS 139.532(1) and (2). Secondly, the Revenue Cabinet urges that its assessment of a use tax for appellee's lease of aircraft used and permanently based in Kentucky does not violate the Commerce Clause; and KRS 139.510, which provides an exemption or credit for use taxes already paid to other states, preserves the constitutionality of the use tax law and validates the use tax assessment of the gross receipts derived from the leases herein.

■ As for appellant's first argument, the Greenup Circuit Court's conclusion that the use tax assessed upon the renewal of the leases for use of the first group of aircraft in Kentucky constituted double taxation is indeed contrary to well settled law. The assessments in question were issued to two separate and distinct taxpayers for separate and distinct privileges and as such, it is our opinion, they do not constitute double taxation. The two separate and distinct transactions are: 1) the purchase of the aircraft by Ash Property before August 1, 1985; and 2) Ashland Oil's subsequent lease of the planes after August 1, 1985. In *Second Street Properties v. Fiscal Court of Jefferson County, Ky.*, 445 S.W.2d 709, 715 (1969), a taxpayer contested the imposition of both a city occupational license tax and a transient room tax. The then Court of Appeals held:

> To constitute double taxation the two taxes must be imposed on the same property by the same governing body during the same taxing period for the same taxing purpose. [Citation omitted.] The tax under consideration does not have a single one of these elements, much less all of them.

The tax assessed in *Ash Property* and the use tax assessed on the renewal of the leases of the first group of aircraft after July 31, 1985, were issued to different taxpayers and were attributable to transactions that took place during different periods of time. Accordingly, there is no double taxation problem. Furthermore, even if we were to conclude there was a double taxation problem herein, our legislature, by enactment of KRS 139.532(1) and (2), has expressly contemplated and sanctioned its imposition. *See Second Street Properties, supra* at 715, and also *Falls City Brewing Company v. Talbott,* 265 Ky. 541, 543–44, 97 S.W.2d 57, 59 (1936).

■ Appellant's second contention of error concerns the Greenup Circuit Court's conclusion that the Cabinet's assessment of a use tax upon the entire amount of gross receipts derived from interstate commerce, specifically the lease and use of the seven aircraft in Kentucky, is invalid on Commerce Clause grounds. Appellant argues that the proration formula or approach advocated by the Circuit Court, whereby the lease and use of the aircraft by Ashland Oil would only be assessed a use tax in an amount that reflects the aircrafts' in-state use, is not authorized by any statutory authority and is, in fact, contrary to the use tax statutes; further, it is argued that the approach adopted by the Circuit Court would be immensely impractical to administer. Finally, appellant contends that Kentucky affords a credit or exemption for use tax paid on a lease to another state, thereby preventing the multiple taxation condemned by the Commerce Clause. Simply stated, we agree with the Board of Tax Appeals that the assessment of the use tax by the Cabinet is constitutionally valid and thereby reject the Circuit Court's analysis to the contrary.

Kentucky's use tax is imposed pursuant to KRS 139.310 which provides:

> An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased ... for storage, use or other consumption in this state at the rate of six percent (6%) of the sales price of the property.

The amendment enacted by the Legislature effective August 1, 1985, expanded the definition of "purchase" contained in KRS 139.090 to include "lease or rental." As a result, the use tax is now levied on gross rentals paid for tangible personal property rented or leased from an out of state lessor for use within Kentucky.

In *Complete Auto Transit v. Brady,* 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), the U.S. Supreme Court enunciated the test a tax must pass to withstand an attack on Commerce Clause grounds. The tax must: (1) not discriminate against interstate commerce; (2) be applied to an activity or activities with a substantial nexus with the taxing state; (3) be fairly apportioned; and (4) be fairly related to services provided by the state. The central purpose of the apportionment prong is to "ensure that each state taxes only its fair share of an interstate transaction." *See Goldberg v. Sweet,* 488 U.S. 252, 260–61, 109 S.Ct. 582, 588–89, 102 L.Ed.2d 607 (1989).

Here, the Circuit Court concluded that the use tax assessed was not fairly apportioned in accordance with *Complete Auto Transit,* given the substantial use of the aircraft outside Kentucky. We reject that conclusion.

There is nothing in the record to suggest that any other state has in fact taxed the leases at issue here or the use, storage or other consumption of the aircraft that are the subject of these leases. There is also nothing in the record to lead us to believe that any other state would *now* have the requisite substantial nexus necessary to impose a tax. (Emphasis ours.) In short, there has been no showing of the risk of multiple taxation that this prong of the *Complete Auto Transit* test was designed to prevent. If there were, appellee would then be entitled to a credit or exemption pursuant to KRS 139.510[3] as it is applied by the Cabinet.

Therefore, the opinion and order of the Greenup Circuit Court is reversed and this matter is remanded thereto for reinstatement of the decision of the Kentucky Board of Tax Appeals.

All concur.

---

**3.** KRS 139.510 states in pertinent part:
The tax levied by KRS 139.310 shall not apply to the storage, use or other consumption of tangible personal property in this state upon which a tax substantially identical to the tax levied under KRS 139.200 ... equal to or greater than the amount of tax imposed by KRS 139.310 has been paid in another state....