**CITY OF BOWLING GREEN,**
**Kentucky, Appellant,**

v.

**HOTELS.COM, L.P.; Hotwire, Inc.; Tripnetwork, Inc. (d/b/a Cheaptickets); Expedia, Inc.; Internetwork Publishing Corp. (d/b/a/ Lodging.Com); Orbitz, LLC; Priceline Incorporated; Site59.Com, LLC; Travelocity.Com, LP; Travelweb, LLC; Lowestfare.Com, Inc.; Lowestfare.Com, Incorporated; and Lowestfare.Com, LLC., Appellees.**

No. 2010–CA–000825–MR.

Court of Appeals of Kentucky.

April 29, 2011.

Discretionary Review Denied by Supreme Court Feb. 15, 2012.

Irvin D. Foley, Anthony G. Raluy (argued), Louisville, KY, Michael P. Foley, Cincinnati, Ohio, for appellant.

William J. Hunter, Jr., Timothy J. Eifler, David S. Sullivan, Amy Olive Wheeler, Louisville, KY, David Hieber (argued), Los Angeles, CA, for appellees.

Douglas M. Dowell, Frankfort, KY, for Amicus Curiae, Department of Revenue, Finance and Administration Cabinet, Commonwealth of Kentucky.

Before CLAYTON, COMBS, and KELLER, JUDGES.

## OPINION

CLAYTON, Judge:

This is an appeal of the dismissal of the Appellant's case by the Warren Circuit Court. After considering the briefs of the parties, the supplemental cases filed by the parties, and oral arguments, we hold as follows:

## BACKGROUND INFORMATION

The Appellant, City of Bowling Green ("Bowling Green"), brought an action against several online travel companies ("OTCs") asserting that Kentucky Revised Statutes (KRS) 91A.390(1) required them to pay a tax on accommodations for hotels rooms located in Bowling Green. OTCs sell vacant hotel rooms on the internet to consumers. They contract with the hotels for a certain price per room and gain income through selling the rooms to consumers at a higher rate. The OTCs collect transient room taxes from the consumer based on the retail amount of the room. The hotels, however, only pay taxes on the discounted amount of the room.

The statutory enabling act allows counties within the Commonwealth to impose a transient room tax on "the rent for every occupancy of a suite, room, or rooms, charged by all persons, companies, corporations, or other like or similar persons, groups, or organizations doing business as motor courts, motels, hotels, inns, or like or similar accommodations businesses." KRS 91A.390(1). The taxes are charged on "the rent for every occupancy of a suite, room, or rooms, charged by all persons, companies, corporations, or other like or similar persons, groups, or organizations doing business as motor courts, motels, hotels, inns, or like or similar accommodations businesses." *Id.*

Bowling Green contends that OTCs should have to pay the transient room taxes they charge the consumer. The OTCs, however, argue that Kentucky's enabling statute does not include them in the definition of those who have to pay transient taxes. The Warren Circuit Court agreed. The court held that "OTCs provide a service that was never anticipated by these statutes or ordinances." Order Sustaining Defendant's Motion to Dismiss, page 3. Consequently, the trial court dismissed the case. Bowling Green then brought this appeal.

## STANDARD OF REVIEW

A motion to dismiss should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL–CIO v. Kentucky Jockey Club,* 551 S.W.2d 801, 803 (Ky.1977). The alleged facts set forth in "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy,* 725 S.W.2d 867, 868 (Ky.App. 1987). The question is purely a matter of law; thus, we will review the trial court's decision de novo. *Revenue Cabinet v. Hubbard,* 37 S.W.3d 717, 719 (Ky.2000).

## DISCUSSION

In construing statutes, we must give them "a literal interpretation unless

they are ambiguous and if the words are not ambiguous, no statutory construction is required." *Com. v. Plowman*, 86 S.W.3d 47, 49 (Ky.2002). The City of Bowling Green argues that, under the plain meaning of the words used in the enabling act and its ordinance, the transient room tax should be imposed upon the Appellees. They contend that the "like or similar accommodations businesses" phrase does not merely apply to "bricks and mortar" establishments. We do not find this reasoning persuasive.

In *Louisville/Jefferson County Metro Government v. Hotels.com, L.P.*, 590 F.3d 381 (6th Cir.2009), the Sixth Circuit Court of Appeals examined Kentucky caselaw and statutory law in determining whether OTCs were expected to be included in a Jefferson County ordinance that is similar to the one at issue in this case. The Court determined that they did not fall under the phrase "like or similar accommodations businesses." The Court found that the specifically enumerated businesses set forth in the statute "were physical establishments that 'provide lodging to patrons on site.'" *Id.* at 388, citing *Pitt County v. Hotels.com, L.P.*, 553 F.3d 308, 313 (4th Cir.2009). The OTCs did not provide physical accommodations within the City of Bowling Green.

In *Second St. Properties, Inc. v. Fiscal Court of Jefferson County*, 445 S.W.2d 709 (Ky.1969), the court held that the enabling act "(1) ... authorized the creation of an administrative agency to promote convention and tourist activity in the county, and (2) ... provided for the financing of this agency by the imposition of a room tax upon hotels, motels and the like." *Id.* at 714. In *Louisville/Jefferson County*, 590 F.3d at 386, the Sixth Circuit held that "[b]ecause the OTCs lack any physical presence in these locations, however, they do not 'specially' benefit from increased

tourism in those cities any more than they would from an increase in tourism in any other part of the country." Thus, the Court concluded that the OTCs did not benefit from the tax in the way hotels, motels and the like did.

In *Lexington Relocation Services, LLC v. Lexington–Fayette Urban County Government*, 2004 WL 1418184, (Ky.App.2004) (2003–CA–001593–MR), Lexington Relocation Services ("LRS") owned apartments which it rented to corporate clients who were in the area for temporary business assignments. The apartments were fully furnished and were, for all intents and purposes, hotel lodgings. A panel of our Court held that LRS qualified under the enabling act as an accommodations business. LRS was different from OTCs, however, because it had an actual physical presence within the county and was not merely a broker of the rooms.

Bowling Green argues that the cases set forth above indicate that the appellate courts in Kentucky give a broad interpretation to the enabling act. We are not convinced, however, that it should be interpreted so broadly as to include OTCs. In *Louisville/Jefferson County*, 590 F.3d at 388, the Court properly held that "the Kentucky General Assembly, not the court, is the proper entity to close any such potential loophole."

■ Finally, the City argues that the trial court erred in dismissing its complaint in its entirety, including claims for conversion, unjust enrichment and constructive trust arising from the OTCs' collection of the full transient room tax collected on behalf of the hotels. We find, however, that it would be the consumer who would have standing to challenge the OTCs in such a manner, rather than the City. Thus, we affirm the decision of the

trial court dismissing the action in its entirety.

ALL CONCUR.