Argued October 12, 1971, reversed and remanded
January 26, 1972

# RITCH, *Respondent, v.* DEPARTMENT OF REVENUE, *Appellant.*

493 P2d 38

*Donald C. Seymour,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Theodore W. DeLooze, Assistant Attorney General, Salem.

*Herman Winter,* District Attorney, Heppner, argued the cause and filed the brief for respondent.

HOWELL, J.

The defendant, Department of Revenue, appeals from a decree of the Oregon Tax Court denying a special farm use classification for ad valorem tax purposes for 1969 for land owned by the Department of Veterans' Affairs.

The Department of Veterans' Affairs, State of Oregon, is the owner of certain lands located in Morrow and Gilliam counties in eastern Oregon. The lands were leased to Boeing Company on July 2, 1963, and

the lease has been given statutory recognition in ORS 273.382 to ORS 273.386.

Approximately 96,000 acres are located in Morrow county. Of the total acreage, 3,707 acres lie north of Interstate Highway 80N and are adjacent to the Columbia river. The state acquired 2,261 acres of this acreage from the United States of America in 1963. The balance of the land is all located south of Interstate Highway 80N.

Boeing has granted subleases for agricultural purposes to four different ranchers living in the general area and receives approximately $25,000 per year as rent from the sublessees. One of the subleases includes 2,570 acres of grazing land lying north of the highway. Other lands have been leased for grazing or raising grain, and are all located south of the highway. The parties, the special assessor of Morrow county and the Department of Revenue, have stipulated that the sublessees are engaged in agricultural pursuits on the property leased from Boeing.

The Department of Veterans' Affairs, as owner of the property, applied to the county assessor for special farm use assessment on that portion of the property, approximately 94,000 acres, which is being farmed by the sublessees. As the remaining approximately 2,000 acres in Morrow county are being used by Boeing for industrial and development purposes, no special farm use assessment was requested for those lands.

The application for special farm use assessment was denied by the county assessor. On appeal to the Department of Revenue, the latter reversed the determination of the assessor and granted special farm use assessment for the 94,000 acres being farmed by the

sublessees. The Tax Court, by WILLIAM W. WELLS, Judge pro tempore, reversed the order of the Department of Revenue and denied the special farm use classification for the lands in question.

As Morrow county had not been zoned, no farm use zones had been established in the county. However, ORS 308.370(2) allows for a farm use classification for unzoned lands which have been used exclusively for farm use upon proper application made to the county assessor by April 1 of each year.[1] Notwithstanding the provisions of ORS 308.205 requiring property to be valued on the basis of market value, agricultural lands are required by ORS 308.345 to be valued on the basis of farm use regardless of whether the lands are zoned or unzoned. Normally this means that the assessor, in determining the assessed value of farm lands, will use the income approach instead of market value. ORS 308.345, and see Roberts, *Taxation of Farm Land in Oregon,* 4 Will L J, 431, 451.

The trial court decided that the Department of Veterans' Affairs' application for special assessment for farm use should be denied on the grounds that the lease between the Department of Veterans' Affairs and Boeing required the property to be used for industrial or industrial research or developmental purposes. The court concluded that the property was ineligible for farm use classification under the provisions of ORS 308.370(2) which denies farm use assessment to "* * * any land with respect to which

---

[1] ORS 308.390 requires the assessor also to determine the assessed value of the land "for other than farm use" and note such value on the assessment roll. If the land should lose its qualification for special farm use assessment, it is subject to an additional tax based on the difference between the farm use value and market value for the previous five years. ORS 308.395.

the owner has granted, and has outstanding, any lease or option to buy the surface rights for other than farm use."

We conclude that the lease does not prohibit use of parts of the property for agricultural purposes. The lease agreement recites that the state leases the described lands to Boeing "subject only to the encumbrances, reservations, use restrictions and exceptions described in Schedule B * * *." Paragraph 3 of Article II of the lease gives the state as lessor the right to terminate the lease at certain specified times if a "use test" described in paragraph 1 of Article IV is not met by Boeing.

The "use test" stated in paragraph 1 of Article IV of the lease reads as follows:

"1. *Use Test. Subject to the following terms, conditions and qualifications the Company shall make use of the premises primarily for industrial or industrial research or developmental purposes.* Failure to do so shall subject the Company to the risk of the State's termination of this lease pursuant to the provisions of paragraph 3(a) of Article II hereof; *provided, however, that the Company's use of the premises shall be and shall be deemed to be primarily for industrial or industrial research and developmental purposes, and this lease shall not be subject to termination by the State pursuant to paragraph 3(a) of Article II hereof if:*

"(a) The Company's primary industrial or industrial research and developmental effort is *concentrated in only a part or parts of the entire premises:*

"(b) While the Company's primary industrial or industrial research or developmental effort is concentrated in a part or parts of the premises, another part or other parts of the premises are put to non-industrial use by (i) a party entitled to enjoy

the rights, reservations, use restrictions or exceptions set forth in Schedule B hereto; or (ii) by the Company; or (iii) by those in possession of the premises by its consent. *For examples, if, while the Company's primary industrial or industrial research developmental effort is concentrated in one part or parts of the premises, the Company, to minimize fire hazard or to accommodate neighboring grazing or agricultural interests, should permit sheep to graze and agriculture to be practiced on another part or other parts of the premises, this lease shall not be subject to termination by the State pursuant to paragraph 3(a) of Article II hereof.* \* \* \*" (Emphasis supplied.)

The "use test" clearly does not require Boeing to devote all 96,000 acres in Morrow county to industrial research and developmental purposes, and the test is satisfied if such purposes are concentrated in only a "part or parts of the entire premises."

■ Also, the lease specifically recognizes that Boeing may allow neighboring agricultural or grazing interests to utilize other portions of the land for grazing or agricultural purposes without such use being a violation of the lease. It is undisputed that the four sublessees are bona fide ranchers who are actually using the land for grazing and agricultural purposes. As the lease specifically allows the use of the land for farm purposes, it does not fall within the proscription contained in ORS 308.370(2) denying farm use assessment for lands wherein the owner has granted a lease for other than farm use.

The plaintiff also points out that the reason Boeing wanted such a large tract of land was to create a buffer zone for noise suppression between test areas and privately owned property; that the subleases provide that Boeing may terminate them at any time

without notice and may require the sublessees to temporarily surrender possession of the premises.

■ For purposes of applying the farm use statute, we do not believe that Boeing's reason for wanting 96,000 acres is as important as the use that is actually being made of the property. As of 1969, the tax year involved herein, 94,000 acres were actually being used for farm purposes. As an application for farm use assessment must be made each year for unzoned land, if the use should subsequently change from its present agricultural use the assessor is entitled to deny the special farm use assessment.

While Boeing has the right to terminate the subleases without notice, the record discloses that the subleases which were executed in the years 1964 and 1966 have been extended by Boeing at various times and were still in existence at the time of the trial of the case in November, 1970.

■ The plaintiff argues also that the 2,261 acres acquired by the state from the United States and which are located adjacent to the Columbia river and north of Interstate Highway 80N are ineligible for farm use classification because of restrictions contained in the deed to the state. The deed contained a covenant requiring the land to be used for "port and industrial purposes" with the proviso that if any part of the land is used "for other than port and industrial purposes" or if the grantee should fail to develop port and industrial facilities within 20 years from the date of the deed (September 25, 1963), the grantor has the option of declaring a reverter after notice and an opportunity to correct the breach.

Since 1964 this land has been included in a sublease by Boeing to a rancher for grazing purposes,

and the United States as grantor has taken no action to exercise its option of reverter.

We do not believe that the mere possibility of reverter should deprive this land of a farm use classification. Every year from 1964 until at least the time of the trial in November, 1970, it has been used for agricultural purposes and apparently no one has objected to such use. It should be emphasized that the farm use classification for all these lands as unzoned farm lands is on a year-to-year basis. If the use should change for any reason, then the county assessor is entitled to deny the application for special farm use classification.

■■ Apparently the plaintiff's primary objection to the lands receiving a farm use classification is that neither the Department of Veterans' Affairs, as the owner, nor Boeing Company, as the lessee, is the one who is doing the actual farming on the lands. Farm lands are not rendered ineligible for farm use classification merely because they are subject to a lease or a sublease. It is not necessary that the owner of the lands be the one who prepares the soil and harvests the crop. If this were true, then many prime farm lands in this state would be denied farm use classification because of ownership of the land, not because of use of the land. It is true that ORS 308.375 requires the application for special farm use assessment for unzoned farm lands to be made by the owner,[2] but it is use, not ownership, of the land which determines its eligibility for farm use classification. ORS 308.380 commands the county assessor to consider "the *use* of the land by

---

[2] The owner includes one who holds an estate in fee simple or for life or any one of tenants in common or by the entirety holding an estate in fee simple or for life, or the purchaser of a fee simple or life estate under a contract of sale. ORS 308.375(2).

the *owner, renter,* or *operator"* in determining entitlement to special farm use classification. Throughout all the statutes relating to farm use assessment for both zoned and unzoned farm lands, all references are to the *lands* and the *use* thereof, e.g., agricultural lands, lands devoted to farm use, operation of the lands according to agricultural practices, and income from farm use of the land. Farm use of the land is defined in ORS 215.203(2)(a) as:

"As used in this section, 'farm use' means the current employment of land for the purpose of obtaining a profit in money by raising, harvesting and selling crops or by the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof. 'Farm use' includes the preparation and storage of the products raised on such land for man's use and animal use and disposal by marketing or otherwise. It does not include the use of land subject to the provisions of ORS chapter 321, or to the construction and use of dwellings and other buildings customarily provided in conjunction with the farm use."

Nowhere in the statutes is any mention made of ownership of the land as a qualification for farm use assessment.

The lands involved herein used for grazing and the raising of grain by four bona fide ranchers who are paying fees ranging from $642.50 to $19,345 for such agricultural use are entitled to the special farm use classification.

Reversed and remanded with directions to enter a decree affirming the opinion and order of the Department of Revenue.