THE OREGON SUMMER HOME OWNERS
ASSOCIATION and A. L. MAXON and GEORGE
KORN *v.* LEE JOHNSON, *Attorney General of
the State of Oregon*; DEPARTMENT OF
REVENUE OF THE STATE OF OREGON,
CHARLES H. MACK, *Director*; CLACKAMAS
COUNTY, DOUGLAS COUNTY, JACKSON
COUNTY, KLAMATH COUNTY, LANE COUNTY,
MARION COUNTY and DESCHUTES COUNTY

Henry L. Bauer and Barton C. Bobbitt, Bauer, Murphy, Bayless & Fundingsland, Portland, represented plaintiffs.

Ted E. Barbera and Alfred B. Thomas, Assistant Attorneys General, Salem, represented defendants.

Decision for defendants rendered June 6, 1972.

CARLISLE B. ROBERTS, Judge.

Plaintiffs, The Oregon Summer Home Owners Association, and its officers, A. L. Maxon and George Korn, seek a declaratory judgment on the following issues: (1) Whether ORS 307.060 was intended by the Oregon legislature to tax the interest in land described in the "term special use permit for recreational residence" issued by the U. S. Forest Service to individuals, including members of plaintiff association; (2) whether the assessment of real property under ORS 307.060 of the plaintiffs' use of land under "term special use permit for recreational residence" issued by the U. S. Forest Service results in double taxation, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Oregon Constitution, Art I, §§ 20 and 32, and Art IX, § 1; (3) whether the value of the permittees' interest in property must be zero, in the event that the court determines there is a sufficient possessory interest to be subject to ad valorem taxes; and (4) whether the assessment of values of recreational residence properties of permittees by defendant counties has been performed in a discriminatory manner, in violation of the Equal Protection Clause of the Four-

teenth Amendment to the United States Constitution and the Oregon Constitution, Art I, §§ 20 and 32, and Art IX, § 1.

The named defendants in this lawsuit are the State of Oregon, the Department of Revenue of the State of Oregon, Clackamas County, Douglas County, Jackson County, Klamath County, Lane County, Marion County and Deschutes County, and the county officials therein, respectively. The court granted plaintiffs' request to bring this declaratory judgment proceeding as a class action against the above-named defendants because The Oregon Summer Home Owners Association and its officers are acting for and on behalf of all members of the association and all other persons holding recreational residence permits on federal lands within the State of Oregon. The rights of the plaintiffs involve questions of law and fact common to all Oregon recreational residence permittees, some 2,000 in number.

The Oregon Summer Home Owners Association is an unincorporated association formed by and of persons possessing "term special use permits for recreational residence" issued for national forest lands located within the State of Oregon. The U. S. Department of Agriculture (Forest Service) issued these recreational residence permits and the restrictions upon the holders of the permits are identical for all permits issued in the State of Oregon. (See Pl Ex 1.)

All recreational residence permittees are required to build improvements on the real property for which they hold recreational residence permits, limited to a personal residence, garage and woodshed. Title thereto remains in the permittee. These improvements are

and have been assessed to the permittees, pursuant to ORS 307.060, by the respective county assessors for many years. However, for the tax year 1971-1972, on instruction of the Department of Revenue, defendant counties also placed on the assessment and tax rolls the interest of the permittees in the underlying land described in the permit, precipitating this suit for a declaratory decree.

Plaintiffs contend that ORS 307.060 was not intended by the Oregon legislature to tax the interest in land described in the permits issued to the plaintiffs. They cite *Sproul et al v. Gilbert et al*, 226 Or 392, 359 P2d 543 (1961), which held that ORS 307.060 is designed to tax only possessory interests in federal properties.

ORS 307.060, under which the tax was imposed, provides:

"Real and personal property of the United States or any department or agency thereof held by any person under a lease or other interest or estate less than a fee simple, other than under a contract of sale, shall be assessed and taxed as for the full true cash value thereof subject only to deduction for restricted use. The lien for the tax shall attach to and be enforced against only the leasehold, interest or estate in such real or personal property. This section shall not apply to real property held or occupied primarily for agricultural purposes under the authority of a federal wildlife conservation agency or held or occupied primarily for purposes of grazing livestock. This section shall not apply to real or personal property held by this state or any county, municipal corporation or political subdivision therein which is:

"(1) In immediate use and occupation by such political body; or

"(2) Required, by the terms of the lease or agreement, to be maintained and made available to the Federal Government as a military installation and facility."

Plaintiffs insist that the term special use permits for recreational residence granted to them by the U.S. Forest Service do not constitute "a lease or other interest or estate less than a fee simple" described in the above-quoted statute.

It is recognized by all that the terminology used in the permits is not necessarily decisive per se; the essential elements of the legal relationship created must be determined from the whole mass of words. *Sproul, supra,* at 402.

The permit gives the users the right to construct improvements, sublet to others the use of the improvements covered under the permit, and use the lands subject to specified restrictions. Clearly, the duties imposed upon the permittees by the terms of the creating instrument are typical of those regularly observed under a lease arrangement; e.g., the permittee is required to maintain the improvements and premises to standards of repair, orderliness, neatness, sanitation and safety acceptable to the Forest Service, and he is prohibited from damaging trees and shrubbery, prohibited from having animals or fowls, other than household pets, upon the premises and can have his permit terminated for disorderly or otherwise objectionable conduct by the permittee or those occupying the premises with his permission. (The revocability of the occupant's interest is not a controlling factor in classifying it as a possessory or nonpossessory interest. *Sproul, supra,* at 406.)

The testimony shows that the permittee normally has a long term of years in the land, that term permits are preferred and encouraged by the federal government as the best use of designated land and permittees' interests are protected as a matter of policy (Def Ex B, C, D, E). A court will take notice of the actual practices observed by lessor and lessee. *Ritch v. Department of Revenue*, 261 Or 78, 493 P2d 38 (1971). The fees paid are treated by the Forest Service as rent. (See Def Ex E, Forest Service Leaflet 3, Jan 1970: "* * * These improvements [permittee's residence, etc.] occupy the land throughout the year; the land can be used for no other purposes as long as it is under permit. The situation is similar to that for any lease providing for exclusive use: the rent must be paid whether or not the privilege is used.") "* * * a summer home is an exclusive private use of national-forest land, * * *." (Def Ex D.)

Every aspect of the restrictions has been considered in the *Sproul* decision, *supra*, holding for assessment and taxation.

For these reasons it is the court's opinion that the interests acquired by the plaintiffs in the present case were possessory in nature and constitute "other interests less than a fee simple" within the meaning of ORS 307.060, and are subject to the Oregon law.

Plaintiffs pay a permit fee to the U.S. Forest Service for the use of the real property described in the individual recreational residence permits. Thus, they contend that the imposition of ad valorem taxes by the county constitutes double taxation contrary to the federal and state constitutions because 25 percent of the fees paid by the plaintiffs to the Forest Service

is returned to the counties pursuant to federal statute:

"Twenty-five per centum of all moneys received during any fiscal year from each national forest shall be paid, at the end of such year, by the Secretary of the Treasury to the State in which such national forest is situated, to be expended as the State legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated: * * *." The National Forests Act, 16 USC § 500 (1970).

■ The court finds that there is no double taxation here as the fee extracted by the Forest Service is clearly not a tax. It is rental for the use of the land covered by the permit. Moreover, the federal policy of returning 25 percent of the fees paid by the plaintiffs to the counties does not preclude the sovereign from exacting a tax on the plaintiffs' interest in these public lands. Even should one assume, for purposes of argument, that the Forest Service fee is a tax, double taxation is found only when two taxes are imposed on the same property by the same governing body during the same taxing period and for the same taxing purpose. *Second Street Prop. v. Fiscal Court of Jefferson Cy.*, 445 SW2d 709 (Ky 1969).

■ Plaintiffs also contend that in the event there is a sufficient possessory interest to be subject to ad valorem taxes, then, due to numerous restrictions, the valuation of their interest in the property is zero. However, the record shows that recreational residence permit holders sell their holdings (improvements and possessory interests) at a price substantially above the market value of the improvements alone. This indicates to the court that the possessory interests in the tract, taking into consideration the substantial

restrictions found in the permit, do have value greater than zero for all special term use recreational residence permits.

Finally, plaintiffs contend that if the interests of the recreational residence permittees are possessory and if the assessed value is greater than zero, then the present collection and assessment of taxes against recreational residence permittees by defendant counties has been performed in a discriminatory manner, thus violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Oregon Constitution, Art I, §§ 20 and 32, and Art IX, § 1.

The alleged discrimination appears to fall into two categories: discrimination within ORS 307.060 itself and discrimination arising from varied approaches by the different county assessors in the deduction from "full true cash value" on account of "restricted use."

In ORS 307.060, the legislature has described a class of taxable property which excludes real property of the United States held under leases and permits issued pursuant to the Taylor Grazing Act or real property leased but constantly available as a military facility. (The State Archives reveal that the first exclusion is a direct result of the *Sproul* decision, *supra;* the second relates to the lease by private parties of the Naval Air Facility in Clatsop County.)

The power of the state to make reasonable classifications of property for tax purposes is clear beyond question. *Keyes v. Chambers et al,* 209 Or 640, 663, 307 P2d 498 (1957). The question of classification is purely legislative and the courts will interfere only when there is no reasonable justification for the dis-

crimination made. *Wittenberg et al v. Mutton et al,* 203 Or 438, 447, 280 P2d 359 (1955). Moreover, the Supreme Court of the United States has repeatedly held that inequities which result from a singling out of one particular class for taxation or exemption infringe no constitutional limitation. *Carmichael v. Southern Coal & Coke Co.,* 301 US 495, 57 S Ct 868, 81 L Ed 1245 (1937).

██ The legislature's attempt to provide separate and distinct classification between use of federal land for grazing purposes and for personal recreational residence use is not unconstitutionally discriminatory and there has been no proof of discrimination among plaintiffs as a class because of these provisions. *Smith et al v. Columbia County et al,* 216 Or 662, 341 P2d 540 (1959).

The Oregon Constitution, Art IX, § 1, provides that all taxes shall be levied and collected under general laws operating uniformly throughout the state; however, there was no evidence proving that the assessments resulting from application of ORS 307.060 lacked uniformity even though there was testimony that indicated differences among counties in percentage adjustments to discount for restricted use of the property. Such variances could result by differences in location in the market. The methods of the assessors are subject to direction by the Department of Revenue, and there was testimony that the department has now given such direction (Def Ex F). It is not possible for the court, in a declaratory suit such as this, to adjudicate the values of individual properties. The taxpayers have complete remedies in the statutes.

The plaintiffs also pleaded (a) that the permittees obtain no benefits from the taxing districts and that

(b) the "omitted property statutes" (ORS 311.207 et seq.) were improperly used by the assessors, but no proof was offered to sustain these contentions.

The court therefore finds and declares (1) that a term special use permit for recreational residence, issued in Oregon by the U. S. Forest Service with respect to certain sites within federal lands, gives the permittee possessory interests in the land described in the permit; (2) that such interests are subject to Oregon ad valorem taxation pursuant to ORS 307.060; (3) that such taxation is not proscribed by the Fourteenth Amendment to the United States Constitution or by any article of the Oregon Constitution; (4) that the restrictive provisions of the term special use permit do not necessarily reduce the market value of the permittee's possessory interests in the land to zero; (5) that the classifications of tax-exempt property listed in ORS 307.060 are reasonable and were created by the legislature within the area of its lawful authority; and (6) that the plaintiffs who believe that the assessor has incorrectly valued their possessory rights must seek relief through ORS 309.100 and 306.515.